J-A09021-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL R. HEINE | : | |
| | : | |
| Appellant | : | No. 527 WDA 2025 |

Appeal from the Judgment of Sentence Entered November 19, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000727-2023

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED: AUGUST 5, 2026**

Michael R. Heine appeals from the judgment of sentence entered following his convictions for two counts of driving under the influence (general impairment) ("DUI") and one count of reckless driving.[1] Heine challenges the sufficiency of the evidence and argues his second DUI sentence violates double jeopardy. We find the sufficiency challenges meritless but will vacate Heine's second DUI sentence.

The trial court provided the following recitation of the facts:

On September 8, 2022, at approximately 6:00 PM, Robert Thorhauer was riding his motorcycle with a friend in Shaler Township when they were cut off by a black Cadillac SUV driven by the defendant, Michael Heine. Now travelling behind the SUV, Mr. Thorhauer observed the vehicle driving erratically. Specifically, he saw the SUV cross the center line and make contact with a parked vehicle while making a turn. The SUV did not stop after this contact. The driver and only occupant of the

---

[1] **See** 75 Pa.C.S.A. §§ 3802(a)(1) and 3736(a), respectively.

vehicle was visible through the rear glass of the SUV. At some point, Mr. Heine was observed to nod off behind the wheel.

Mr. Thorhauer called 911 to report the incident. He and his friend lost sight of the SUV for approximately two minutes but eventually got behind it again. They were behind the SUV for approximately 30 minutes when Mr. Thorhauer saw the SUV make a sharp right-hand turn into a driveway in a manner that caused him to believe the defendant had crashed the vehicle. When the police arrived a few minutes later, Mr. Thorhauer related what he had seen and identified Mr. Heine as the driver of the SUV that had cut him off. The parties had never met before that day.

Sergeant Dennis Gapsky of the Shaler Township Police Department was dispatched to investigate the erratic driver/hit and run. When the sergeant arrived at the 1300 block of Sharps Hill Road he encountered several other police officers who had responded to the call, Mr. Thorhauer and another witness, as well as Mr. Heine. Sergeant Gapsky detected an odor of an alcoholic beverage coming from Mr. Heine's breath and observed bloodshot eyes and saw him to stagger as he moved. Mr. Heine also had slurred speech.

Mr. Heine was evasive when asked about driving, responding that he was in his driveway and he denied having anything to drink despite the observation of the odor of an alcoholic beverage on his breath. Mr. Heine was agitated and uncooperative, and when asked six (6) or seven (7) times to perform standard field sobriety tests, he refused. Based on his training, education and experience as well as the information about his driving received from Mr. Thorhauer, and his own observations of Mr. Heine, Sergeant Gapsky formed the opinion that the driver was under the influence of alcohol to a degree that rendered him unsafe to drive.

Mr. Heine was placed under arrest and transported to the Shaler Police station. He was placed in the back seat of sergeant Gapsky's vehicle and during the transport he was rambling to himself and later fell asleep. At approximately 7:30 PM, he refused to submit to a breath test after Sergeant Gapsky read form DL-26 to him.

Trial Court Opinion, 8/29/25, at 1-2.

Count 1 of the Information charged Heine with DUI and refusal to submit to breath or chemical testing. *See* 75 Pa.C.S.A. §§ 3802(a)(1) and 3804(c)(1). Count 2 of the Information again charged Heine with DUI but without the sentencing enhancement for refusing testing. Count 3 charged Heine with reckless driving.[2]

Following a bench trial,[3] Heine was convicted of the above offenses by the court. The court sentenced Heine on Count 1 to 60 days of electric home monitoring and a concurrent term of six months' probation. The court also ordered him to complete alcohol highway safety school, to get a drug and alcohol assessment if so ordered by probation, and to pay a fine. On Count 2, the court sentenced Heine to "a determination of guilty without further penalty." Order of Sentence, 11/19/24, at 1. The court imposed the same sentence ("A determination of guilty without further penalty") on Count 3. Heine filed post-sentence motions, which were denied by operation of law.[4]

_____

[2] The Information also charged Heine with driving on right side of roadway and stop signs and yield signs. *See* 75 Pa.C.S.A. §§ 3301(a) and 3323(b). The Commonwealth later withdrew these charges.

[3] Heine filed a motion to suppress, which was denied.

[4] The post-sentences motions were denied by operation of law when the trial court failed to issue a ruling within 120 days of the filing. *See* Pa.R.Crim.P. 720(B)(3)(a). The clerk of courts entered an order two days later, notifying the parties that the motions were denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(c). Heine filed a timely notice of appeal within 30 days of the entry of the order. *See* Pa.R.Crim.P. 720(A)(2)(b); *cf. Commonwealth v. Carter*, 122 A.3d 388, 391 (Pa.Super. 2015) (holding appeal period did not begin to run where clerk of court failed to issue order stating post-sentence motions had been denied by operation of law).

Heine appealed. He raises three issues:

I. Whether the evidence was sufficient to convict Mr. Heine of Reckless Driving where the Commonwealth failed to prove beyond a reasonable doubt that he drove with a willful or wanton disregard for the safety of persons or property, creating a substantial and unjustifiable risk of harm?

II. Whether the evidence was sufficient to sustain both of Mr. Heine's convictions for DUI—General Impairment where the Commonwealth failed to prove beyond a reasonable doubt that he engaged in more than one instance of driving?

III. Whether the sentence of "a determination of guilty without further penalty" imposed for Mr. Heine's second conviction of DUI—General Impairment is an illegal sentence that must be vacated?

Heine's Br. at 5 (suggested answers omitted).

In his first issue, Heine argues there was insufficient evidence to support his conviction for reckless driving. He asserts the testimony that he "cut off the motorcyclists, crossed the center line, clipped a parked vehicle, and 'dip[ped]' his head while driving," does not establish that he consciously disregarded a substantial risk of injury. *Id.* at 17 (citing ***Commonwealth v. Greenberg***, 885 A.2d 1025, 1027 (Pa.Super. 2005)) (footnoted omitted). He further posits there was insufficient evidence that he fell asleep at the wheel. He contends such a finding was based on Thorhauer's testimony that he saw that Heine's "head went down" for some undetermined amount of time, while looking at Heine's image in the rear-view mirror through Heine's tinted rear window. *Id.* at 17-18. Heine also argues that the fact he was convicted of DUI does not indicate that he was driving recklessly. He highlights that DUI does not establish reckless driving *per se. Id.* at 16, 18 (citing ***Commonwealth v.***

- 4 -

***Mastromatteo***, 719 A.2d 1081, 1082-84 (Pa.Super. 1998) and

***Commonwealth v. Hutchins***, 42 A.3d 302, 312 (Pa.Super. 2012)).

We employ the following standard of review for a sufficiency challenge:

When reviewing a challenge to the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. This standard applies equally where the Commonwealth's evidence is circumstantial. In conducting this analysis, we may not substitute our judgment for that of the factfinder. Additionally, the Commonwealth's evidence need not preclude every possibility of innocence. The factfinder is free to believe all, part, or none of the evidence.

***Commonwealth v. Griffith***, 305 A.3d 573, 576–77 (Pa.Super. 2023) (internal quotation marks and citations omitted).

The reckless driving statute prohibits a person from driving a vehicle "in willful or wanton disregard for the safety of persons or property[.]" 75 Pa.C.S.A. § 3736(a). The Commonwealth must prove that the driver "not only grossly deviate[d] from ordinary prudence[,] but also create[d] a substantial risk that property damage or personal injury w[ould] follow," and that "the driving reflect[ed] a conscious disregard for the danger being created by the reckless driving." ***Greenberg***, 885 A.2d at 1029-30 (emphasis omitted); ***see also Commonwealth v. Sanders***, 259 A.3d 524, 532 (Pa.Super. 2021) (*en banc*). While "evidence of intoxication does not establish recklessness *per se*," it "can be used as a factor to prove recklessness" when combined with other

evidence. **Commonwealth v. Sitler**, 144 A.3d 156, 166 (Pa.Super. 2016) (*en banc*).

Here, the trial court did not convict Heine for reckless driving solely because it found he drove while intoxicated. Rather, in addition to the testimony going to Heine's intoxication, the Commonwealth presented testimony that Heine cut off the path of two motorcyclists; crossed the yellow center line; and struck a parked car. Furthermore, Thorhauer testified, "At one point in time, we had seen him fall asleep while driving. Or sorry, that his head went down. You could see everything through the window." N.T., 8/23/24, at 42. Thorhauer testified that he could see through the rear glass window of Heine's SUV. **Id.** at 78.

Viewed in the light most favorable to the Commonwealth as verdict-winner, this evidence was sufficient for the fact-finder to conclude that Heine grossly deviated from a reasonable standard of conduct, created a substantial risk that he would cause a traffic accident, and was aware at the time of the unjustifiable danger his driving created. **See, e.g., Commonwealth v. Jeter**, 937 A.2d 466, 469 (Pa.Super. 2007) (rejecting sufficiency challenge to reckless driving conviction where defendant's car "weaved in and out of the roadway for several miles," "there were other drivers on the roadway at that time," the defendant was intoxicated, and he "ultimately lost control of his car, striking the center barrier with enough force to blow out his front tire").

In his second issue, Heine argues there was insufficient evidence to sustain two convictions for DUI. He argues that one of his two convictions was

impermissibly based solely on his refusal to submit to a breathalyzer test, which is not an element of the offense of DUI, but a statutory sentencing enhancement. Heine's Br. at 22 (citing ***Commonwealth v. Mobley***, 14 A.3d 887, 893 (Pa.Super. 2011)), 24. He contends subjecting him to two DUI convictions for a single offense violates double jeopardy. ***Id.*** at 23-24 (citing ***Ball v. U.S.***, 470 U.S. 856, 861 (1985)).

The Commonwealth argues Heine's challenge to the sufficiency of the evidence is waived by his failure to raise it in his Rule 1925(b) statement. ***See*** Commonwealth's Br. at 18-19. We agree.

Rule of Appellate Procedure 1925(b) requires the appellant to file "a concise statement of the errors complained of on appeal," when so ordered by the court. Pa.R.A.P. 1925(b). The statement must "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). Each issue "will be deemed to include every subsidiary issue that was raised in the trial court[.]" Pa.R.A.P. 1925(b)(4)(v). However, the appellant must "delineate clearly the scope of claimed constitutional errors on appeal." ***Id.*** Any issue not raised in the Rule 1925(b) statement is waived. Pa.R.A.P. 1925(b)(4)(vii).

Rule 1925(b) "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa.Super. 2020) (citation omitted); ***see also Commonwealth v. Parrish***, 224 A.3d 682, 700 (Pa. 2020) (discussing importance of Rule 1925(b)). Where

the statement is too vague to allow the court to identify the issues, those issues are waived. ***Bonnett***, 239 A.3d at 1106.

Here, Heine asserts he raised this issue in his Rule 1925(b) statement by stating the following:

> The evidence was insufficient to convict Mr. Heine of both counts of DUI—General Impairment where the Commonwealth failed to prove, beyond a reasonable doubt, that Mr. Heine was incapable of safely operating a motor vehicle.

Concise Statement of Errors Complained of on Appeal, 7/7/25, at 4 (unpaginated). Heine therefore raised whether the Commonwealth proved he "was incapable of safely operating a motor vehicle." ***Id.*** He did not raise the separate question of whether the evidence was insufficient to convict him for two counts of DUI, on double jeopardy grounds.[5]

Furthermore, Heine did not raise the issue in the trial court. ***See*** Pa.R.A.P. 302(a). A challenge to a conviction on double jeopardy grounds must be preserved. ***See Commonwealth v. Hill***, 238 A.3d 399, 408-09 (Pa. 2020) (citing ***Commonwealth v. Spruill***, 80 A.3d 453, 461 (Pa. 2013)). Heine's second issue is waived.

In his third issue, Heine argues his sentence of "a determination of guilty without further penalty" on his second DUI conviction violates double jeopardy. Heine's Br. at 26 (citing ***Commonwealth v. Farrow***, 168 A.3d 207, 215 (Pa.Super. 2017), *disapproved on other grounds by **Hill***, 238 A.3d at 409 n.10). He contends that where two convictions merge for sentencing, a

---

[5] As a result, the trial court did not address this issue in its opinion.

sentence of "no further penalty" must be vacated. ***Id.*** at 27-29 (citing

***Commonwealth v. Given***, 244 A.3d 508, 511-12 (Pa.Super. 2020),

***Commonwealth v. Westlake***, 295 A.3d 1281, 1289 (Pa.Super. 2023), and

***Commonwealth v. Burton***, No. 1468 WDA 2017, 2019 WL 3064632, at *3-7 (Pa.Super. filed July 12, 2019) (unpublished mem.)). Heine argues that here, both of his DUI convictions arose from the same criminal act, and therefore should have resulted in one conviction and one sentence.

The Commonwealth argues Heine waved his double jeopardy challenge to his second DUI conviction. It offers no argument regarding the legality of the sentence of "determination of guilty without further penalty" imposed on Count 2.

Unlike a challenge to the sufficiency of the evidence, a challenge to the legality of a sentence is not subject to Rule 1925(b) waiver. ***Commonwealth v. Foster***, 960 A.2d 160, 163 (Pa.Super. 2008), *aff'd,* 17 A.3d 332 (Pa. 2011); ***see also Commonwealth v. Hodges***, 193 A.3d 428, 432 (Pa.Super. 2018). Because a claim that a sentence violates double jeopardy implicates the legality of the sentence, it may be raised for the first time on appeal. ***See Commonwealth v. Prinkey***, 277 A.3d 554, 563 (Pa. 2022) (citing ***Hill***, 238 A.3d at 409).[6]

---

[6] The Double Jeopardy Clause of the federal constitution provides, "No person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This applies to the states through the Fourteenth Amendment. ***See Hill***, 238 A.3d 401 n.1.

Our decision is controlled by **Commonwealth v. Hill**. In that case, like here, the defendant was subjected to two DUI convictions for single event, with the one of the convictions based on a sentencing enhancement for breath or chemical testing refusal. And, like here, the court imposed a sentence of "determination of guilt without further penalty" on the second conviction. **Hill**, 238 A.3d at 410. On appeal, as in the case before us, the defendant argued the second conviction and the second sentence violated double jeopardy.

The Supreme Court found that the appellant waived his challenge to the second conviction by failing to raise it before the trial court.[7] **Id.** at 410. However, it determined that the second DUI sentence violated the statutory sentencing scheme of 75 Pa.C.S.A. § 3804, and vacated it. **Id.** at 411.[8] The Court then determined that "any further penalty for that act would result in a violation of the federal double jeopardy clause." **Id.** Therefore, it did not remand the case for resentencing, "acknowledge[ing] the curious nature of this outcome, *i.e.*, a conviction without a sentence." **Id.** Our Court faced a similar situation in **Commonwealth v. Westlake**, and, in accordance with **Hill**, vacated the sentence of "no further penalty" on a second DUI conviction imposed for a single offense. 295 A.3d at 1289.

_____

[7] The Court disapproved of this Court's decision to vacate similar convictions in **Farrow**. **Hill**, 238 A.3d at 405 n.5, 409 n.10.

[8] The Court did not vacate the sentence on double jeopardy grounds, as a non-constitutional basis for resolving the case was available. **Hill**, 238 A.3d at 410.

Consistent with the foregoing, we will not vacate the underlying conviction, finding that issue waived. We hereby vacate the sentence of "Determination of guilty without further penalty" on Count 2, as this is not among the statutory penalties for a DUI conviction. *See* 75 Pa.C.S.A. § 3804. We do not remand for the imposition of another sentence on Count 2, as doing so would violate double jeopardy.

Sentence on Count 2 vacated. Judgment of sentence on remaining counts affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/5/2026